# Blickensderfer *versus* School Directors.

1. Money owing by solvent debtors is taxable *for school purposes.*

2. The 32d section of the Act of 29th April, 1844, made "money owing by solvent debtors" liable to taxation for "*state and county purposes.*"    The 23d section of the Act of 7th April, 1849, made it liable to taxation for *school* purposes.    The 22d section of the Act of 25th April, 1850, exempting it from taxation "for *borough and township purposes,*" does not exempt it from taxation for *school* purposes.    A *school tax* is not to be understood as synonymous with a borough and township tax.

3. Though the 32d section of the Act of 29th April, 1844, enlarged the basis of *county* taxation so as to comprehend all the objects therein made liable to taxation for *state* purposes, including "money owing by solvent debtors," the enlargement did not render the additional matters liable to taxation *for borough and township purposes.*    Taxation for township purposes is to be limited to the subjects of taxation mentioned in the Act of 15th April, 1834.    See section 27 of that Act.

ERROR to the Common Pleas of *Erie county.*

This was a case stated between the School Directors of the West Ward of the city of Erie *v.* N. Blickensderfer.    It was stated for the opinion of the Court below, in order to have determined the question, whether or not "*moneys owing by solvent debtors*" are taxable for school purposes.

The case stated was as follows:

The plaintiffs claim the amount of 117 dollars and 38 cents from defendant, being the amount of tax assessed upon moneys owing by solvent debtors, belonging to defendant, for school purposes in said ward, for the years 1851 and 1852.    The defendant denies that money owing by solvent debtors is taxable for any but state and county purposes, and is not taxable for school purposes.    If the Court shall be of opinion that, under the laws of the Commonwealth, the said taxation is according to law,

[Blickensderfer *v.* School Directors.]

then judgment for the above sum, with costs. If of opinion with defendant, then judgment accordingly, with costs of suit. Either party shall be at liberty to take a writ of error without affidavit or bail, waiving all exception as to form, &c.

Judgment was entered in the action for the School Directors; and to this error was assigned.

*Thompson,* with whom was *Grant,* for plaintiff in error.—The 22d section of the Act of 25th April, 1850, provided, "That hereafter no law of this Commonwealth, rendering moneys owing by solvent debtors liable to be assessed and taxed for any purpose, shall be construed and held to make the same liable to be assessed and taxed for borough and township purposes; but the same shall be exempt from any charge, tax, or assessment for any such purpose:" *Acts of* 1850, p. 572–3. The question is, whether this repealed the 23d section of the Act of 7th April, 1849, which made the "subjects and things" which were taxable for "state and county purposes," taxable for *school purposes.* (*Acts of* 1849, p. 446, sec. 23.)

It was argued that school directors were township authorities, and the taxes being applicable only within and for the inhabitants of the township, the assessment of the tax for school purposes is an assessment for a *township* purpose; and that the Acts of Assembly and authorities, viz. 1 *W. & Ser.* 428, 6 *Id.* 46, and 2 *Barr* 28, show that the system is under the jurisdiction of the townships and districts. It was contended that thus school purposes were township purposes, and that the Act of 1850 prevented an assessment of "moneys owing by solvent debtors" from being assessed for school purposes.

*Babbit,* with whom was *Kelso,* contrà.—The question is, Is a *school* tax a tax *for a borough or township purpose?* The 32d section of the Act of 29th April, 1844, made "money owing by solvent debtors" liable to be taxed "*for state and county purposes.*" The 23d section of the Act of 7th April, 1849, made it liable to taxation *for school purposes.* The 22d section of the Act of 25th April, 1850, exempts it from taxation for *borough and township* purposes. Hence the only question is, is a school tax a borough or township tax? It was contended that it was not. That the school tax was laid to support an independent state system of general education, established in pursuance of the injunction in the Constitution. Townships are sometimes divided in the formation of school districts. The city of Erie is divided into two districts, the officers of which exercise their authority independent of each other and of the city authorities, subject only to the control, in some cases, of the General Superintendent. Actions must

be brought by school directors, not by borough or township officers. Townships are not incorporated for school purposes. The Act of 15th April, 1834, sect. 3, defines for what purposes townships are corporations, among which school purposes are not found: 6 *Barr* 48. By the Act of 1849, boards of school directors assess their own taxes. The system is one independent of mere township regulation.

The opinion of the Court, filed Dec. 20, 1853, was delivered by
LOWRIE, J.—The question is, are debts due by solvent debtors liable to taxation for school purposes?

They are expressly made liable for state and county purposes by the Act of 29th April, 1844, sec. 32; and the revised Act concerning common schools, 7th April, 1849, sec. 23, expressly declares, that the liability for school taxes shall extend to the same things. But then, the Act of 25th April, 1850, sec. 22 (*Acts*, p. 572–3), declares that, no law "shall be so construed" as to make them taxable for "borough and township purposes," and exempts them ·from taxation "for any such purpose;" and hence this controversy.

It will at once be observed, that this is an expository Act, and it plainly indicates that some improper practice, purporting to be founded on some Act of Assembly, is aimed at, and intended to be corrected by legislative admonition. But as we are not, with entire distinctness, informed of the mischief intended to be remedied, we must infer it, as best we can, from the expository Act, and from the previous state of the law.

School taxes may very well be treated as taxes for "borough and township purposes," if we attend only to the fact that boroughs and townships are school districts. But when we observe that school taxes are usually distinguished from borough and township taxes, and provided for in different Acts of Assembly, we must hesitate, before we enlarge the usual meaning of the terms. Before the school system commenced, the phrase, borough and township taxes, was well understood, and we think it remains the same.

Besides this, the authority to tax debts for school purposes is so clearly given, and has existed so long, that there could be no mistake about it. They are made taxable for state purposes by the Acts of 25th March, 1831, and 11th June, 1840; and by reference to these, they are made taxable for school purposes by Act of 13th June, 1836, and 7th April, 1849. We should expect a repealing, and not an expository Act, to change this.

But it is argued, that it is equally clear, that they were never taxable for borough, road, and poor purposes. This, however, is an assumption that we may speak as positively of things that do not appear as of those that do. Moreover, there was room for

[Blickensderfer *v.* School Directors.]

doubt, about the authority to tax debts for the ordinarily called borough and township purposes.   The borough Act of 1st April, 1834, and the Act relating to county and township rates and levies of 15th April, 1834, made the valuation for county purposes the basis for borough and township taxation, and did not include many things then taxable for state purposes, and afterward for school purposes.   But the Act of 29th April, 1844, sec. 32, enlarged the basis of county taxation to include these things. Many persons, not observing this anachronism, came to regard all subjects of county tax, under the act of 1844, as subjects also of borough and township tax; whereas the laws of 1834 made nothing subject to the latter tax, except such as were then subject to county tax.   They supposed that the basis of *county* taxation being enlarged, the basis of borough and township taxation was enlarged with it.   This was the erroneous construction intended to be corrected by the expository Act of 1850.

Judgment affirmed.